1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 9 MICHAEL SCOTT LANGTON, an individual,<br><br>10               Plaintiffs,<br><br>11 v.<br><br>12 THE CITY OF BELLIGHAM, a municipal<br>corporation, CHAD CRISTELLI, and<br>13 DONALD ALMER<br><br>14            Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br><br>**JURY DEMAND** |

15        Plaintiff MICHAEL SCOTT LANGTON, by and through his attorney, JAMES HERR of

16 THE LAW OFFICE OF JAMES HERR, alleges, based on the following information and belief,

17 the following causes of action:

18                      **I.**      **INTRODUCTION**

19        This case illustrates the harm that results when police departments throw caution to the

20 wind and rush an investigation because of a lack of proper policies and trainings. Michael

21 Langton was a decorated officer with the Ferndale Police Department ("FPD"). FPD has

22 investigated the son of Bellingham Police Department ("BPD") Lieutenant Chad Cristelli for

23 child sex crimes. A month after his son was sentenced for those crimes, Cristelli found his

Law Office of James Herr
4500 9th Ave NE, STE 300
Seattle, WA 98105
(206) 866-7001

1   opportunity for revenge. Based on scant evidence, Defendant Chad Cristelli orchestrated a

2   SWAT raid (consisting of armed officers, a Bearcat combat vehicle, and a helicopter) on

3   Langton's home and his warrantless arrest for a simple misdemeanor charge (which no officer

4   observed, in clear violation of Washington law). Ultimately, the Whatcom County Prosecutor

5   concluded that Langton had not committed any crime and his charges were dismissed.

6       The slapdash investigation and arrest conducted by BPD reflects the inadequacy of BPD's

7   trainings, policies, and practices. The time from BPD's initial interview with the complaining

8   witness to Langton's arrest by a SWAT team was *less than twelve hours*. Worse still, BPD

9   officers ignored that witness's statements indicating she was trying to set Langton up, as well as

10  messages showing that the two were engaged in talk about sexual fantasies. BPD officers

11  erroneously concluded they had probable cause to arrest Langton, despite the ultimate (and

12  obvious) conclusion that no crime was committed. BPD officers further concluded (again,

13  erroneously) that they were authorized to arrest Langton for committing a simple misdemeanor,

14  despite Washington's statute forbidding warrantless arrests for the simple misdemeanor Langton

15  allegedly committed. Demonstrating BPD's awareness of its illegal arrest, the officers suddenly

16  concluded that they had probable cause for an attempted felony (which Langton also did not

17  commit) the following day while Langton was in jail,—an obvious after-the-fact attempt at

18  covering BPD's illegal actions. Officer Donald Almer called the SWAT team to serve an arrest

19  warrant on Langton, and even though Langton's home was nowhere within the city limits of

20  Bellingham and the Whatcom County Sheriff Office declined to send their SWAT team. Almer

21  reported that he arranged the SWAT assault because Langton was 1) a police officer, 2) had

22  firearms, and 3) had been drinking—factors that would likely to apply to many, if not most, law

23  enforcement officers (who have firearms and are permitted to drink when they are not working).

COMPLAINT FOR DAMAGES – Page 2

Bellingham's policies regarding SWAT deployment are severely lacking to permit deployment under such baseless and unexplained criteria.

The Bellingham Police Department has failed to adequately train its officers on lawful arrests or accurately assessing whether a crime has taken place, and has failed to put policies in place to screen lieutenants off cases where there is an obvious conflict or to limit officers' ability to deploy Bellingham's SWAT team with no real restrictions—no geographic limit, and no need to satisfy justifiable criteria before deploying a SWAT team. As a result of Bellingham's failures and negligent investigation, Mr. Langton was assaulted by a SWAT team while in his home, and was falsely arrested and imprisoned.

## II.    <u>PARTIES</u>

2.1     Plaintiff, MICHAEL SCOTT LANGTON is an individual. At all times relevant to this action he was a resident of Whatcom County, Washington.

2.2     Defendant CHAD CRISTELLI is a current or former employee of BPD. At all times relevant to this action, Defendant CRISTELLI was a sworn law enforcement officer and was acting under color of law and within the course and scope of employment. On knowledge and belief, Defendant CRISTELLI resides within the territorial jurisdiction of the Western District of Washington.

2.3     Defendant DONALD ALMER is a current or former employee of BPD. At all times relevant to this action, Defendant ALMER was a sworn law enforcement officer and was acting under color of law and within the course and scope of employment. On knowledge and belief, Defendant ALMER resides within the territorial jurisdiction of the Western District of Washington.

COMPLAINT FOR DAMAGES – Page 3

2.4    Defendant CITY OF Bellingham ("Defendant City") is a municipal corporation organized under the law of the State of Washington. At all times relevant to this action, Defendant City controlled and operated the BPD and employed Defendants CRISTELLI and ALMER. Defendant City exists within the territorial jurisdiction of the Western District of Washington.

### III.    JURISDICTION

3.1    This Court has direct and supplemental jurisdiction over the federal and state law claims asserted herein pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

3.2    Venue is appropriate in the Western District of Washington pursuant to 28 U.S.C. § 1391 because at least some of the Defendants reside and exist in this judicial district and because the events and omissions giving rise to the claims alleged herein occurred within Whatcom County, which is located within the Western District of Washington.

3.3    All conditions precedent to this action have been complied with or waived. Pursuant to RCW 4.96.020, Defendant City has had more than the required 60 days-notice of these claims and denied Langton's claims.

### IV.    FACTUAL ALLEGATIONS

4.1    Michael Scott Langton was an officer with the Ferndale Police Department from 2012 until August of 2022. During that time, he was awarded the Silver Cross medal for his actions involving an armed subject during a physical domestic altercation in 2015; in 2021, he was awarded a certificate of commendation for a drug arrest and large seizure, and was voted Officer of the Year by his fellow patrol officers.

4.2    In the summer of 2022, Michael Scott Langton became intimately involved with Jasmine Harp. As part of their physical intimacy, the two discussed fantasies, including

Law Office of James Herr
4500 9th Ave NE, STE 300
Seattle, WA 98105
(206) 866-7001

roleplaying. During the course of their relationship, Langton resided in Blaine, Washington, and Harp in Ferndale, Washington.

4.3    On July 25, 2022, Langton asked one of Ms. Harp's neighbors out for a drink, which Harp appears to have found out about.

4.4    Unbeknown to Langton, Harp took screenshots of portions of her conversation with Langton where they discussed sexual fantasies and roleplaying.

4.5    On July 26, 2022, Harp went to the Bellingham Police Department with those screenshots of Langton discussing fantasy roleplaying as younger lovers, and reported that Langton had committed a crime.

4.6    Detective Taylor Allen interviewed Harp at the Bellingham Police Station regarding Harp's accusations.

4.7    Based on the conversations Harp had with Langton, where she encouraged him to discuss his fantasies and roleplaying with her, Harp disclosed Langton's comments regarding his sexual fantasies, including roleplaying as youth.

4.8    Harp's purpose appears to have been to encourage Langton to open up with her about his sexual fantasies so she could report him to police, alleging criminal conduct.

4.9    After her interview with Det. Taylor, Harp told Officer Keith Johnston that Langton was "going down" and that "he just felt so comfortable with me, I guess" that they would discuss their "kinks and barely legal 18 porn, 11 year old…I am going to let you bury self in a hole."

4.10    Per Officer Johnston's report, Harp reported she had "been playing informant for the last couple of weeks…to get him to incriminate himself."

Law Office of James Herr
4500 9th Ave NE, STE 300
Seattle, WA 98105
(206) 866-7001

4.11    Despite these obvious red flags, Det. Taylor and Defendant Chad Cristelli immediately pursued criminal charges against Langton, meeting with prosecutors to discuss taking action against Langton. Cristelli and Taylor obtained a search warrant to search Langton's home.

4.12    Lt. Cristelli's son had recently been investigated by the Ferndale Police Department for child sex crimes, which led to his arrest and conviction.

4.13    Despite the obvious appearance of a conflict—indeed, Cristelli was driving the breakneck speed of the investigation to obtain an arrest against Ferndale Police Department to even the score—BPD did nothing to screen for any conflicts or ensure the lieutenant leading this investigation was free from bias or a motive for revenge.

4.14    Cristelli pressed forward and decided that "for the safety of the victim and her mother, that a custodial arrest of [Langton] was the best option."

4.15    Cristelli came to this conclusion despite Harp's statement that she was not worried about her safety and that if Langton were to come by her house, she would simply not open the door.

4.16    Cristelli contacted Deputy Chief Donald Almer to request the SWAT team to serve the search warrant and arrest Langton for a simple misdemeanor charge.

4.17    Deputy Almer agreed with Cristelli and approved using a SWAT team to arrest Langton for a simple misdemeanor at his home in Blaine, Washington—well outside Bellingham city limits.

4.18    The attempted justification for sending the SWAT team to arrest Langton and serve a basic search warrant was that Langton was a law enforcement officer, that he owned guns, and was known to drink alcohol.

Law Office of James Herr
4500 9th Ave NE, STE 300
Seattle, WA 98105
(206) 866-7001

4.19    The Whatcom County Sheriff's Office declined to conduct the SWAT raid or assist BPD in its SWAT raid for a warrantless arrest of Langton, in his home, at night, for a simple misdemeanor of Attempted Communicating with a Minor for Immoral Purposes.

4.20    Before deploying the SWAT team, Cristelli was with Ferndale Police Chief Kevin Turner and Ferndale Lt. Vanderyacht when they called Langton to ask him to come into the Ferndale police station to receive administrative leave papers. Langton responded that he could not drive at that moment because he'd been drinking, but would do so tomorrow.

4.21    Demonstrating his bias to Langton and rush to arrest him, Cristelli reported that Langton "refused to come to the station" as part of his justification to arrest Langton with a SWAT team—despite his presence on the call when Langton reported he was legally unable to drive to the station.

4.22    BPD's SWAT team was called out to Langton's home, surrounding his home with an armed Bearcat, officers with guns, and a helicopter. Langton was terrified and confused why a SWAT team was at his house with a large armed force. Based on Langton's knowledge of police shootings and Bellingham's SWAT team, Langton was concerned that his son or dog would be shot, or that he would be shot and killed on his porch in front of his son.

4.23    Langton was arrested at 9:51 p.m. from his home.

4.24    BPD finished clearing the home at 10:22 PM.

4.25    As a result of his illegal arrest for a simple misdemeanor, Langton was held in Skagit County jail for two days until he was able to have his probable cause hearing and bail set, at which point he was able to bail out.

4.26    BPD does not treat all allegations against officers as seriously, and gives a more measured, deliberate response when its own officers are accused of serious sex crimes.

COMPLAINT FOR DAMAGES – Page 7

Law Office of James Herr
4500 9th Ave NE, STE 300
Seattle, WA 98105
(206) 866-7001

1   Bellingham SWAT officer Joshua McKissick (who participated in the SWAT raid on Langton's
2   home) was accused of domestic and sexual violence against a woman he was involved with in
3   2024.

4       4.27    Despite the serious nature of the allegations and the potential danger to the
5   woman, McKissick was not arrested by a SWAT team within eight hours of the initial allegations.

6       4.28    Instead, BPD gave McKissick a paid vacation while the criminal investigation
7   into McKissick was slowly progressing.

8       4.29    The Whatcom County Prosecuting Attorney, apparently having learned his lesson
9   from Langton's case, sent the case to the Skagit County Prosecuting Attorney to investigate and
10  make any charging decisions. Skagit County ultimately declined to charge McKissick.

11      4.30    The incident involving McKissick stands in stark contrast to BPD's treatment of
12  Langton: Langton was the target of a rushed and slapdash investigation and was quickly arrested
13  via McKissick's SWAT team and imprisoned, before even being charged with a crime (his later
14  charges were ultimately dismissed because the Whatcom County Prosecuting Attorney
15  determined Langton committed no crime). McKissick was not arrested or charged, and was free
16  and clear on his paid vacation until the prosecutor concluded there was insufficient evidence to
17  support a criminal charge.

18      4.31    The policies and practices of BPD, including permitting biased officers with a
19  clear conflict of interest to handle investigations and having virtually no restrictions on SWAT
20  deployment, are why Langton's treatment contrasts so drastically with BPD Officer McKissick.

21                          **V.      <u>CLAIMS</u>**

22      5.1     Statements of fact in paragraphs 4.1-4.30 above are hereby re-incorporated as if
23  fully stated herein for purposes of each claim below.

Law Office of James Herr
4500 9th Ave NE, STE 300
Seattle, WA 98105
(206) 866-7001

### FIRST CAUSE OF ACTION
### (Federal Civil Rights Violation Under 42 U.S.C. § 1983

5.2     Defendant Almer is liable to Plaintiff Langton for compensatory and punitive damages for depriving Langton of the civil right to be free from unreasonable seizures of his person, as guaranteed by the Fourth and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983. Almer signed off on using a SWAT team to arrest Langton in his home, at night, on a simple misdemeanor charge that was not witnessed by any officer, then serve a basic search warrant. This was excessive force used against Langton, and was far more force than was necessary or reasonable. Almer was unbothered by Whatcom County Sheriff's refusal to participate, apparently unconcerned with the constitutional problems and potential for serious harm that would result from his actions. This nighttime incursion was not justified by exigent circumstances, nor did Almer rely upon or note any when authorizing the SWAT deployment.

5.3     Defendant City is liable to Plaintiff Langton for compensatory damages for its policies and practices which give complete freedom and flexibility to officers to decide when to orchestrate a SWAT raid on a defendant's home, at night, in order to arrest them for a simple misdemeanor that was not witnessed by any officer, and for failing to adequately train, supervise, and discipline its employees in the constitutional use of force, which foreseeably resulted in Defendant Almer's deprivation of Langton's civil right to be free from unreasonable seizures of his person and excessive force, as guaranteed by the Fourth and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983.

### SECOND CAUSE OF ACTION
### (State Law Claim – Assault)

5.4     By virtue of the facts set forth above, Defendant Almer is liable to Plaintiff Langton for compensatory damages for assaulting Mr. Langton with a SWAT team.

Law Office of James Herr
4500 9th Ave NE, STE 300
Seattle, WA 98105
(206) 866-7001

5.5    Deputy Chief Almer authorized the SWAT raid on Mr. Langton's house. That raid included a Bearcat, armed officers, and a helicopter.

5.6    The nighttime deployment of the SWAT team to conduct a warrantless arrest of Langton and serve a basic search warrant was excessive force, where there were no exigent circumstances for doing so when Almer authorized the SWAT deployment, and exigent circumstances did not factor into his decision making.

### THIRD CAUSE OF ACTION
### (State Law Claim – False Arrest)

5.7    By virtue of the facts set forth above, Defendants City of Bellingham and Cristelli are liable to Plaintiff for compensatory damages for falsely arresting Langton for conduct that was not criminal in nature, and for arresting Langton for simple misdemeanor charge that was not observed by any officer, in violation of RCW 10.31.100.

5.8    Under RCW 10.31.100, Defendants City of Bellingham and Cristelli had no legal authority to arrest Langton in his home, at night, without a warrant. The charge alleged against Langton at the time of arrest (attempted solicitation of a minor for immoral purposes) is a simple misdemeanor charge, and not enumerated under any exception.

5.9    Defendants City of Bellingham and Cristelli chose to violently arrest Langton in his home, at night, without legal authority to do so.

### FOURTH CAUSE OF ACTION
### (State Law Claim – False Imprisonment)

5.10    By virtue of the facts set forth above, Defendants are liable to Plaintiff Langton for compensatory damages for the false imprisonment.

COMPLAINT FOR DAMAGES – Page 10

Law Office of James Herr
4500 9th Ave NE, STE 300
Seattle, WA 98105
(206) 866-7001

5.11    After illegally arresting Langton under RCW 10.31.100, BPD chose to book him into the Skagit County jail on a simple misdemeanor charge, where he spent two days before he was able to have a court hearing and subsequently be released.

**FIFTH CAUSE OF ACTION**
**(State Law Claim – Negligent Investigation)**

5.12    By virtue of the facts set forth above, Defendants and each of them are liable to Plaintiff Langton for compensatory damages for the negligent investigation of the allegations against him.

5.13    Defendant Cristelli rushed the investigation, believing a witness who acknowledged coercing Langton into discussing his fantasies and who admitted her desire to "take him down."

5.14    Defendant Cristelli did not take time to verify the details of the allegations against Langton or contact Langton to hear his version of the events.

5.15    For a simple misdemeanor—the lowest possible crime in Washington, akin to minor in possession of alcohol or low-level trespass—the standard of care requires greater care than a quick rush to arrest. The allegations were that Langton attempted to communicate with a minor for immoral purposes—not that he had actually done so. There was no reason to suspect anyone was in danger (as Ms. Harp acknowledged). The standard of care for investigating such low-level offenses, where the stakes are (in the legislature's view) the lowest they can be to the community, are higher than in a situation with exigent circumstances that may require the police to act very quickly due to an imminent threat. Cristelli treating this as an investigation requiring immediate action due to exigent circumstances, when it did not.

**VI.    JURY DEMAND**

Pursuant to Fed. R. Civ. Pro. 38(b), Plaintiff demands a trial by jury of all issues to triable

COMPLAINT FOR DAMAGES – Page 11

Law Office of James Herr
4500 9th Ave NE, STE 300
Seattle, WA 98105
(206) 866-7001

1  under the law.

2            **VII.**    **PRAYER FOR RELIEF**

3       WHEREFORE, Plaintiff prays for relief as follows:

4       7.1    Compensatory damages, including without limitation economic and non-

5  economic damages;

6       7.2    Punitive damages from the Defendants on Plaintiff's claims under 42 U.S.C. §

7  1983;

8       7.3    Costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and to the

9  extent otherwise permitted by law;

10       7.4    Such other relief as may be just and equitable.

11       DATED this 19 day of July, 2024.

12

13        /s/  James Herr
    James Herr, WSBA #49811
    Law Office of James Herr

14      4500 9th Ave NE, STE 300
    Seattle, WA 98105

15      Telephone: (206) 866-7001
    Email:  James@JamesHerrLaw.com

16      Attorney for Plaintiff

17

18

19

20

21

22

23

Law Office of James Herr
4500 9th Ave NE, STE 300
Seattle, WA 98105
(206) 866-7001